MR. JUSTICE WEBER,
specially concurring:
I concur with the conclusions reached by the majority. The first *480 issue is whether the trial court erred in granting the plaintiff’s motion for partial summary judgment on the issue of liability. I agree with the conclusion of the majority that BN failed to raise a genuine issue of material fact so that the District Court properly granted summary judgment on the issue of liability. The majority also bases its conclusion on Section 26-1-601, MCA, and I disagree with the application of that statute.
In substance the majority concludes that because the claimsman for the BN in the course of his deposition presented no facts to contradict the plaintiff’s theory of the case and because the attorney for the BN in the same deposition pointed out at that point the BN was not aware of witnesses who would say it didn’t happen that way, that constituted a leading of the plaintiff to believe the railroad was not contesting the plaintiff’s credibility concerning how the accident happened. The majority then concludes that the railroad was es-topped under Section 26-1-601, MCA, from making this argument at trial and may not raise the issue on appeal. Even though the claimsman was not able to dispute the plaintiff’s version of how the various accidents happened, and even though the BN attorney stated that they had no basis at that point in time to say the plaintiff was not telling the truth, I do not conclude that this is the type of declaration, act or omission covered under Section 26-1-601, MCA. I conclude that the BN would still have a right to contend that the accidents did not occur in the manner detailed by the plaintiff even though they had no witnesses to the accidents.
MR. JUSTICE GULBRANDSON joins in the foregoing special concurrence.